IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: GENE BARBOUR and SHIRLEY BARBOUR, *as owners of the unnamed Vessel HIN# FRU19904D111.* | ) ) ) ) ) ) | CIVIL ACTION NO. 14-00496-N[1] |

## ORDER

Gene Barbour and Shirley Barbour ("the Barbours"), as owners of the unnamed Vessel HIN# FRU19904D111 have filed a Verified Petition for Exoneration from or Limitation of Liability (Doc. 1) pursuant to the provisions of 46 U.S.C. § 30501, *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule F") for all claims arising from an incident occurring on or about April 23, 2014, in which the Barbours' vessel collided with another vessel while it was being operated in the State of Alabama's Intercoastal Waterway. As required by Supplemental Rule F(4) and in accordance with the Court's previous Orders (Docs. 2, 7), the Clerk of Court published notice setting April 8, 2015, as the deadline for filing claims in this action

---

[1] This case has been randomly assigned to the undersigned United States Magistrate Judge for all purposes, including trial.  (*See* Doc. 3).  Inasmuch as no party, to date, has returned to the Clerk of Court a Request for Reassignment to a United States District Judge (*see id.* ("The parties have the right to have this action reassigned to a United States District Judge for trial and disposition. Any party may request reassignment by emailing the attached Request for Reassignment to a United States District Judge to sandra_rey@alsd.uscourts.gov. **Do not electronically file the document.**")), there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 1703, 155 L. Ed. 2d 775 (2003) ("We think the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge. Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored.").

under Supplemental Rule F(5).   (*See* Doc. 8).   To date, no such claim has been filed, nor has any other party appeared in this action.

The Barbours have filed a motion for the Court to dismiss this action (Doc. 9), representing that their "insurance company has negotiated a settlement with all known potential claimants, including those claimants' identities known at the time of the filing of the action as well as all claimants who made themselves known pursuant to the [Barbours]' publication of a notice of the subject action."   The Barbours also request return of the $25,000.00 previously deposited by them into the Court's registry as security under 46 U.S.C. § 30511(b)(1) and Supplemental Rule F(1).   (*See* Doc. 4).

Upon consideration, it is **ORDERED** that the Barbours' motion to dismiss and for return of funds (Doc. 9) is **GRANTED**.   Accordingly, this action is **DISMISSED** under Federal Rule of Civil Procedure 41(a)(2), with costs taxed as paid.   In accordance with S.D. Ala. CivLR 67(e), the Clerk of Court is **DIRECTED** to disburse to the Barbours' counsel of record the $25,000.00 previously deposited by the Barbours into the Court's registry (*see* Doc. 4).

**DONE** and **ORDERED** this the 17th day of November 2015.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**